**FILED**

May 22, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AKOSUA SAKYIBEA ASANTE TENADU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-3121-OLG** |
| v. | § | |
| | § | |
| **MIGUEL VERGARA** *et al.,* | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Akosua Sakyibea Asante Tenadu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4). On May 30, 2016, Petitioner was temporarily admitted into the United States on a visitor visa. *See* Dkt. Nos. 1 at 2–3; 1-4 at 2–3. However, she remained in the United States beyond the authorized period. When encountered by immigration authorities in early 2026, she was arrested and placed in removal proceedings. *See* Dkt. No. 1 at 3. On May 13, 2026, Petitioner initiated this habeas action asserting that her mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing violates her right to due process, the Immigration and Nationality Act, and various federal regulations. *See* Dkt. No. 1 at 4–6. Petitioner is mistaken.

Petitioner was granted admission into the United States and is, therefore, not an "applicant for admission" subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). She received that hearing on April 21, 2026, during which the immigration judge determined that she posed a flight risk. *See* Dkt. No. 4-1. Because Petitioner received due process during her removal proceedings, and because she does not otherwise challenge the sufficiency of the process she received, the Petition (Dkt. No. 1) is **DENIED.** *See, e.g., Adedire v. Warden,* No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex.

Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.")

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on May _____, 2026.

ORLANDO L. GARCIA
United States District Judge

2